UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFF M EDWARDS, individually, | § | No. 1:24-cv-01012-DAE |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| PALMER FINANCIAL | § | |
| CONSULTANT, INC. d/b/a | § | |
| PALMER TAX GROUP and | § | |
| STEPHEN PALMER, individually | § | |
| | § | |
| *Defendants.* | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Report") filed by United States Magistrate Judge Mark Lane. (Dkt. # 23.) On December 9, 2024, Defendants Palmer Financial Consultant, Inc. d/b/a Palmer Tax Group and Stephen Palmer (collectively, "Defendants") filed their Motion to Dismiss. (Dkt. # 14.) On December 30, 2024, Plaintiff Jeff M Edwards ("Plaintiff") filed a Motion to Strike Defendants' Motion to Dismiss and a separate response in opposition to the Motion to Dismiss. (Dkts. ## 15, 16.) On January 30, 2025, Defendants filed their consolidated reply in support of their Motion to Dismiss and response to Plaintiff's Motion to Strike. (Dkt. # 19.) On February 12, 2025, Plaintiff filed his reply in support of his Motion to Strike. (Dkt. # 20.)

1

On April 9, 2025, Judge Lane submitted a Report, recommending that the Court remand this action to state court for lack of subject matter jurisdiction. (Dkt. # 23.)  Alternatively, Judge Lane recommended that if the Court disagrees with the subject matter jurisdiction analysis and chooses not to remand, the Motion to Dismiss should be granted in part and denied in part.  (Id. at 13.)  Specifically, Judge Lane recommends that the Court should (1) dismiss with prejudice Plaintiff's fraud claims in their entirety and Plaintiff's breach of contract claim against Defendant Stephen Palmer, and (2) deny Defendants' motion as to Plaintiff's breach of contract claim against Defendant Palmer Tax Group.

The parties did not file objections to the Report.  Accordingly, the Court finds this matter suitable for disposition without a hearing.  After reviewing the Report and the information contained in the record, the Court **ADOPTS** the Report in its entirety as the opinion of the Court.  The case is therefore **REMANDED** to state court.

## BACKGROUND

The Court agrees with Judge Lane's recitation of the facts and incorporates them in full:

The parties include *pro se* Plaintiff Jeff M Edwards ("Edwards"), who allegedly retained Defendants to help with his primary goal of submitting an Offer in Compromise ("OIC") to resolve an outstanding balance that he owes the Internal

Revenue Service ("IRS"). (Dkt. # 23 at 2.) Defendants are Palmer Financial Consultant, Inc. d/b/a Palmer Tax Group ("Palmer Tax Group") and Stephen Palmer, in his individual capacity, ("Palmer"), who offer services related to consumer debt owed to the IRS. (Id.) On or about September 21, 2020, Edwards entered into a Service Agreement (the "Agreement") with Palmer Tax Group. (Id.) The Agreement required Edwards to make regular payments, avoid communicating with the IRS on his own, and provide any documents required by Palmer Tax Group in a timely manner. (Id.) The Agreement itemized three main tasks for the Palmer Tax Group to complete: an exploratory review of Edwards's situation; preparation and amendment of tax documents from 2011 and 2013-2015; and the creation and submission of an OIC. (Id.) Edwards alleges Palmer Tax Group amended his tax returns but otherwise did not perform as was required under the Agreement. (Id.)

On July 30, 2024, Edwards filed this lawsuit in the 368th Judicial District Court of Williamson County, Texas. (Dkt. # 1-4.) On August 29, 2024, Defendant Palmer Tax Group filed a Notice of Removal to federal court pursuant to diversity jurisdiction. (Dkt. # 1.) On September 26, 2024, Edwards filed his First Amended Complaint ("FAC") for Damages in federal court. (Dkt. # 8.) Edwards asserts claims for material breach of contract and "common-law fraud, fraud by fraudulent misrepresentation [and] actual fraud" (collectively, "fraud").

3

(Id. at 21, 25.)  Edwards previously attempted to allege a violation of the Texas Deceptive Trade Practices Act but removed that claim in his FAC upon realizing he had exceeded its two-year statute of limitations.  (Dkt. # 9 at 1.)

On December 9, 2024, Defendants moved to dismiss for failure to state a claim and on the basis that the Court lacks personal jurisdiction over Defendant Palmer.  (Dkt. # 14 at 3, 7.)  On December 30, 2024, Edwards first filed a Motion to Strike Defendants' Motion to Dismiss and a separate response in opposition to the Motion to Dismiss.  (Dkts. ## 15, 16.)  On January 7, 2025, Edwards also filed a Motion to Request an Oral Hearing on the pending motions.  (Dkt. # 17.)

On January 30, 2025, Defendants filed their consolidated reply in support of their Motion to Dismiss and response to Plaintiff's Motion to Strike.  (Dkt. # 19.)  On February 12, 2025, Edwards filed his reply in support of his Motion to Strike.  (Dkt. # 20.)  On February 13, 2025, Edwards filed a Motion for Sanctions.  (Dkt. # 21.)  The motions were referred to Judge Lane on February 14, 2025.  On March 6, 2025, Defendants filed their response in opposition to the Motion for Sanctions.  (Dkt. # 22.)

On April 9, 2025, Judge Lane issued his Report and Recommendation on Defendants' Motion to Dismiss.  (Dkt. # 23.)  On April 9, 2025, Judge Lane also issued an Order denying Plaintiff's Motion to Strike, mooting the Motion for

4

Hearing, and denying the Motion for Sanctions. (Dkt. # 24.) On April 10, 2025, a copy of the Report was sent to Edwards via certified mail and regular mail. (Dkt. # 25.) The copy of the Report was delivered to Plaintiff on April 22, 2025, and the return receipt with Edwards' signature was filed in the Court's docket on April 25, 2025. (Dkt. # 26.) Despite the 14 day deadline, the parties did not file objections to the Report. Accordingly, the matter is ripe for consideration.

## APPLICABLE LAW

I.    <u>Review of Report and Recommendation</u>

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. <u>See</u> 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. <u>Thomas v. Arn</u>, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." <u>Battle v. U.S. Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Findings to which no specific objections are made do not require de novo review; the Court need only determine

whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.   12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he [C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

III.   Diversity Jurisdiction

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction.  28 U.S.C. § 1441(a).

District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." Flagg v. Stryker Corp., 819 F.3d 132, 136 (5th Cir. 2016) (internal citations omitted).

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins., 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007); see also Hood ex rel. Mississippi v. JP Morgan Chase & Co., 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). A district court must remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

## DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. Wilson, 864 F.2d at 1221. After careful consideration, the Court adopts the Magistrate Judge's Report. The

Court finds that Magistrate Judge Lane's 12(b)(6) and subject matter jurisdiction analyses are reasonable and absent of clear error.

In the Report, Judge Lane first concluded that Edwards sufficiently pleaded facts to state a plausible claim for relief against Defendant Palmer Tax Group; however, Edwards failed to state a breach of contract claim against Stephen Palmer as he was not a party to the Agreement. (Dkt. # 23 at 7.) Thus, Judge Lane recommended dismissing Plaintiff's breach of contract claim against Defendant Stephen Palmer but denying the Motion to Dismiss as to Plaintiff's breach of contract claim against Defendant Palmer Tax Group. (Id. at 13.)

Because Edwards has not sufficiently stated any claims against Defendant Palmer, Judge Lane found there is no cause to analyze the Court's personal jurisdiction over Palmer. (Id. at 9.) The Court agrees.

With respect to the fraud claims, Judge Lane found that Edwards' allegations are insufficient to plead fraud because Edwards does no more than allege failure to perform under the Agreement. (Id. at 8.) Specifically, Judge Lane found Edwards did not sufficiently allege that Defendants "never intended to perform under the contract" as required under the heightened pleading standard of Rule 9(b) to state a fraud claim against Defendants. (Id.) Edwards' allegations are insufficient to show that Defendants made a false statement or misrepresentation regarding the Agreement or OIC. (Id.)

8

Therefore, Judge Lane found that because Edwards failed to adequately plead his fraud claim, $15,000,000 of Edwards's requested relief is accordingly detached from the suit, leaving approximately $59,000 as the remaining amount in controversy. (Id. at 10.) As the Court has an independent obligation to assess subject matter jurisdiction, Judge Lane looked to the existing amount in controversy at the time of removal to assess whether the Court has diversity jurisdiction in this matter.

Judge Lane focused his breach of contract damages analysis based on Edwards' state court petition, rather than the FAC. (Id.) For his breach of contract violation, Edwards alleged facts that showed he could be entitled to, at most, the sum of $50,292.55. (Id. at 11.) Based on Edwards' failure to plausibly allege a fraud claim, Judge Lane concluded that "the claims in the state court petition as they existed at the time of removal" were insufficient to give rise to an amount above the jurisdictional limit. (Id. at 13.)

Because Edwards' breach of contract claim cannot independently meet the threshold for amount in controversy, the Court agrees that the case should be **REMANDED** to state court based on lack of subject matter jurisdiction. (Id.)

## CONCLUSION

For the reasons above, the Court **ADOPTS** United States Magistrate Judge Mark Lane's Report and Recommendation in full as the opinion of this

9

Court. (Dkt. # 23.) Setting aside the fraud claim, there is no subject matter jurisdiction in this case. Accordingly, the matter is **REMANDED** to the 368th Judicial District Court of Williamson County, Texas.

    **IT IS SO ORDERED.**

    **DATED**: Austin, Texas, May 13, 2025.

_____
David Alan Ezra
Senior United States District Judge